UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 24 2010

Clerk, U.S. District and
Bankruptcy Courts

Kenner Fitzgerald Jackson,   )
                             )
        Petitioner,          )
                             )
    v.                       )   Civil Action No. 10- 1625
                             )
                             )
Harley G. Lappin,            )
                             )
        Respondent.          )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application

to proceed *in forma pauperis*. The application will be granted and the complaint will be

dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a

determination that the complaint, among other grounds, fails to state a claim upon which relief

can be granted or is frivolous).

Petitioner, an inmate at the United States Penitentiary in Pollock, Louisiana, petitions for

a writ of mandamus to compel the Bureau of Prisons ("BOP") to void its "contracts with Kathy

Biedenharn, a private [BOP] contractor . . . and the Executive Director of the City of Faith Prison

Ministries, Halfway House Corporations [] in Louisiana, Mississippi and Arkansas." Pet. at 1.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee

of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C.

§ 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is

"clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

Petitioner alleges that in October 2007, he "entered into a contractual relationship" with BOP to "report to the Community Corrections Center" owned and operated by Biedenharn. Pet. at 3. He claims that Biedenharn's employees discriminated against him because of his race, but such a claim does not trigger a duty on the agency's part to void a contract to which petitioner cannot possibly be a party. Besides, this Court lacks jurisdiction to entertain a claim for equitable relief arising from an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1) (creating jurisdiction in the United States Court of Federal Claims over claims based on "any express or implied contract with the United States. . . ."); *Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 609 (D.C. Cir. 1992) (determining that "the Tucker Act [28 U.S.C. § 1491] impliedly forbids – in [Administrative Procedure Act] terms -- not only district court awards of money damages, which the Claims Court may grant, but also injunctive relief, which the Claims Court may not"). Petitioner therefore has failed to state a claim for mandamus relief. An action also may be dismissed as frivolous when, as here, the petition lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: September ___1___, 2010

_____
United States District Judge

2